destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 52178.**—McKesson & Robbins, Inc., et al. *v.* United States, protests 127561–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it pertains to the quantities reported by the inspector as not landed, is subject to an allowance in duties and internal revenue taxes. The protests were sustained to this extent.

**No. 52179.**—Iwata Trading Co. et al. *v.* United States, protests 921513–G, etc. (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the incense or joss stick is similar in all material respects to that the subject of *Woolworth* v. *United States* (T. D. 47647) and Abstract 34216, the claim for free entry under paragraph 1703 was sustained.

FEBRUARY 16, 1948

**No. 52180.**—C. J. Tower & Sons *v.* United States, protest 106445–K.—▉▉—C. D. 1077. Motion of Government for rehearing denied.

BEFORE THE FIRST DIVISION, FEBRUARY 19, 1948

**No. 52181.**—Garrard Sales Corp. et al. *v.* United States, protests 11686–K, etc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiffs was sustained.

**No. 52182.**—Pilot Radio Corp. et al. *v.* United States, protests 131934–K, etc. (New York).

Opinion by Oliver, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiffs was sustained.

**No. 52183.**—Micro Sonic Corp. et al. *v.* United States, protests 134925–K, etc. (New York).

Opinion by Oliver, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiffs was sustained.

Before the Second Division, February 19, 1948

**No. 52184.**—Tucker & Goodheart *v.* United States, protest 944805–G (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel that certain items of the merchandise consist of hats composed of manila hemp, not blocked or trimmed, and not bleached, dyed, colored, or stained, similar in all material respects to those the classification of which was involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), the claim of the plaintiff was sustained.

**No. 52185.**—Trinacria Importing Co. *v.* United States, protest 134617–K (New York).

Opinion by Kincheloe, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the claim of the plaintiff was sustained.

**No. 52186.**—H. A. Caesar & Co. *v.* United States, protests 865101–G, etc. (New York).

Opinion by Kincheloe, J. It now appearing that the umbrella cloth covered by one of the entries was imported prior to the Belgian Trade Agreement, and